1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

STEVEN OSCAR AUSTIN,

12              Plaintiff,

13        v.

14  UNKNOWN,

15              Defendant.

16
17
18
19
20

Case No. 1:25-cv-00903-EPG (PC)

ORDER TO ASSIGN A DISTRICT JUDGE

FINDINGS AND RECOMMENDATIONS,
RECOMMENDING THAT THIS ACTION BE
DISMISSED, FOR FAILURE TO PAY THE
FILING FEE OR SUBMIT AN APPLICATION
TO PROCEED *IN FORMA PAUPERIS*,
FAILURE TO PROSECUTE, AND FAILURE
TO COMPLY WITH A COURT ORDER

OBJECTIONS, IF ANY, DUE WITHIN THIRTY
(30) DAYS

21        Plaintiff Steven Oscar Austin is a state prisoner proceeding *pro se* in this civil rights

22  lawsuit filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). When Plaintiff filed this case on July

23  21, 2025, he neither paid the filing fee for this action nor submitted an application to proceed *in*

24  *forma pauperis* (IFP). The Court issued an order on July 25, 2025, giving Plaintiff forty-five days

25  to either (1) submit a completed and signed IFP application or (2) pay the filing fee of $405. (ECF

26  No. 4). The Court warned Plaintiff that "[f]ailure to comply with this order will result in dismissal

27  of this action." (*Id.*) (emphasis omitted). The forty-five-day period has expired, and Plaintiff has

28  failed to pay the filing fee, submit a completed and signed IFP application, or otherwise respond

1

1    to the Court's order.

2         Accordingly, the Court will recommend dismissal based on Plaintiff's failure to pay the

3    filing fee or file an IFP application, failure to prosecute this case, and failure to comply with court

4    orders.

5         In determining whether to dismiss a[n] [action] for failure to prosecute or failure to
     comply with a court order, the Court must weigh the following factors: (1) the
6    public's interest in expeditious resolution of litigation; (2) the court's need to
     manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the
7    availability of less drastic alternatives; and (5) the public policy favoring
     disposition of cases on their merits.
8
     *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d
9
     1258, 1260-61 (9th Cir. 1992)).
10
          "'The public's interest in expeditious resolution of litigation always favors dismissal.'"
11
     *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the
12
     first factor weighs in favor of dismissal.
13
          As to the Court's need to manage its docket, "[t]he trial judge is in the best position to
14
     determine whether the delay in a particular case interferes with docket management and the
15
     public interest. . . . It is incumbent upon the Court to manage its docket without being subject to
16
     routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to
17
     respond to the Court's order to pay the filing fee or file an IFP application. (ECF No. 4).
18
     Moreover, Plaintiff has filed nothing since he initiated this case on July 21, 2025. This failure to
19
     respond is delaying the case and interfering with docket management, as the case cannot progress
20
     without the filing fee being paid or Plaintiff being permitted to proceed IFP. *See* 28 U.S.C.
21
     §§ 1914, 1915. Therefore, the second factor weighs in favor of dismissal.
22
          Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
23
     and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay
24
     inherently increases the risk that witnesses' memories will fade and evidence will become stale,"
25
     *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with court orders that is
26
     causing delay. Therefore, the third factor weighs in favor of dismissal.
27
          As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute
28
     this action and has failed to comply with a court order, despite being warned of possible

dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

And IT IS RECOMMENDED that:

1.       This action be dismissed, without prejudice, based on Plaintiff's failure to pay the filing fee or file an *in forma pauperis* application, failure to prosecute this case, and failure to comply with court orders; and

2.       The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2025**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

3