UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN, | Case No.   1:25-cv-00903-KES-EPG |
| Plaintiff, | ORDER PERMITTING PLAINTIFF TO USE THE COURT'S STANDARD COMPLAINT FORM IN THIS CASE |
| v. | |
| UNKOWN, | (ECF No. 1) |
| Defendant. | |

Steven Oscar Austin is a state prisoner proceeding *pro se* and *in forma pauperis* in this case. For the reasons explained below, the Court will permit Plaintiff to file the Court's standard complaint form in order to more clearly present any civil claims he is attempting to bring.

On July 21, 2025, Plaintiff filed a letter in the Sacramento Division of this District in Case Number 2:25-cv-2054-CSK. (ECF No. 1). United States Magistrate Judge Chi Soo Kim reviewed the letter and issued an order directing the Clerk of Court to open a new prisoner civil rights action in this Division:

> In this letter, petitioner appears to challenge conditions of confinement at Kern Valley State Prison ("KVSP"), where petitioner is incarcerated. Petitioner also appears to challenge his Stanislaus County conviction.
>
> This Court construes petitioner's claims challenging conditions of confinement at KVSP as a civil rights action pursuant to 42 U.S.C. § 1983. Because KVSP is located in Kern County, which is part of the Fresno Division of the United States District Court for the Eastern District of California, the Clerk of the Court is directed to forward a copy of petitioner's letter filed July 21, 2025 to the Fresno Division of this court to be opened as a new prisoner civil rights action. See

1

Local Rule 120(d).

Petitioner's claims challenging his Stanislaus County conviction are construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, properly filed in the Sacramento Division of this district court. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner has also failed to file his claims on a form for a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner will be provided the opportunity to file a habeas corpus petition and either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

(ECF No. 2, pp. 1-2).

Upon review of Plaintiff's letter, the Court notes that it is difficult to discern any Defendant(s) Plaintiff intends to sue, what legal claim(s) and allegations he would bring against any particular Defendant, and what issues solely relate to civil matters as opposed to Plaintiff's habeas allegations.

Such issues make it more difficult for the Court to evaluate Plaintiff's letter to determine whether he states any claims. Notably, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 17).

Thus, the Court will direct the Clerk of Court to send Plaintiff the Court's standard civil rights complaint form for his use in this case. Plaintiff is encouraged to use this form as it will allow him to clearly list the Defendant(s) he intends to sue, identify the legal claim(s) he intends to allege along with his supporting allegations, and will avoid the Court having to try to separate his habeas allegations from his civil allegations.

However, Plaintiff shall not file a complaint longer than twenty-five pages, including any exhibits, and he is advised that his use of the complaint form must be complete in itself without reference to the allegations in his prior letter.

2

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to send Plaintiff the Court's standard civil rights complaint form.

2. Within 30 days from the entry of this order, Plaintiff will be permitted to fill out and file the provided complaint form to better clarify the Defendant(s) and claim(s) at issue.

3. If Plaintiff fails to timely file the complaint form, the Court will screen the allegations as presented in Plaintiff's letter. (ECF No. 1).

IT IS SO ORDERED.

Dated:    **January 22, 2026**                    /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

3