UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVEN OSCAR AUSTIN,

   Plaintiff,

 v.

UNKNOWN,

   Defendant.

Case No. 1:25-cv-00903-KES-EPG (PC)

**FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS REQUESTING INJUNCTIVE RELIEF**

(ECF Nos. 1, 16, 19, 23, 24)

OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS

## I.  INTRODUCTION

Plaintiff Steven Oscar Austin is a state court prisoner and proceeds *pro se* and *in forma pauperis* in this case that appears intended as a civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 17).

On March 16, 2026, the Court screened Plaintiff's complaint that appeared to challenge Plaintiff's conditions of confinement while imprisoned at KVSP. (ECF Nos. 1, 25). As explained in that order, Plaintiff failed to state any cognizable constitutional claims.

Plaintiff's complaint also contains a motion for injunctive relief. (*Id.* at 1, 7, 10). Plaintiff has also filed four additional motions requesting injunctive relief, the latest being filed on March 5, 2026. (ECF Nos. 16, 19, 23, 24).

As explained below, the Court will recommend that all of Plaintiff's motions seeking injunctive relief be denied.

1

## II.    SUMMARY OF MOTIONS FOR INJUNCTIVE RELIEF

Broadly summarized, Plaintiff alleges in his motions for injunctive relief that—due to some mix-up as to his name—he is improperly incarcerated, and his property (appearing mainly to be his identifying documents, such as his birth certificate) has been stolen by unspecified persons.  As relief, Plaintiff seeks an order returning his property, releasing him from custody and returning him to his family to better litigate this case, and restraining the persons who are plotting against him from harassing him.

The following paragraph from one of his motions for injunctive relief illustrates the requests common to his filings:

> [Requesting Court to] issue a preliminary and permanent injunction enjoining and restraining any defendants, their servants, agents, employees, and all other persons in active concert and participation with them from harassment, arresting, threatening (with physical or legal process) using or assuming in anyway any name(s) attributed to Plaintiff, return any and all property in connection, unlawfully converted/conveyed in names(s). Enter final judgment awarding Petitioner/Plaintiff all the benefits and property and any and all other rights he is entitled, wrongfully withheld or concealed. Enter order for any and all discovery, records, property, and identify documents be returned immediately, vacate property unlawfully converted, fraudulently conveyed, or otherwise transferred out of the Plaintiff's name(s) or his family name(s) he has blood right to reside, regaining order effective immediately (5 years minimum) of all discovered defendants, their servants, agents, employees, and any other person in active concert.

(ECF No. 19, p. 10).

## III.    ANALYSIS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction." *Friant Water Auth. v. Jewell*, 23 F. Supp. 3d 1130, 1134 n.4 (E.D. Cal. 2014) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977)).

The Ninth Circuit considers the likelihood of success on the merits "the most important

*Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks omitted). However, even if likelihood of success is not established, "[a] preliminary injunction may also be appropriate if a movant raises serious questions going to the merits and the balance of hardships . . . tips sharply towards it, as long as the second and third *Winter* factors are satisfied." *Id*. (internal quotation marks omitted).

As explained in detail in the screening order, Plaintiff's complaint fails to identify any particular defendant, let alone any allegations or cognizable legal claims directed at a defendant. (ECF No. 25). Thus, at this stage of the proceedings, there is no likelihood of success on the merits. Therefore, the Court recommends denying all of Plaintiff's motions seeking injunctive relief. *See Vela v. State Bar of California*, No. 1:23-CV-01638-JLT-BAM, 2023 WL 8948273, at *1 (E.D. Cal. Dec. 28, 2023), *report and recommendation adopted*, 2024 WL 1077343 (E.D. Cal. Mar. 12, 2024) ("Upon screening, the Court has determined that Plaintiff's complaint fails to state a cognizable claim and that she seeks relief from at least one defendant who is immune from relief. Plaintiff has not yet filed an amended complaint that states a cognizable claim. As a result, the Court cannot find that Plaintiff has shown a likelihood of success on the merits [for purposes of obtaining injunctive relief].").

## IV.    CONCLUSION AND RECOMMENDATIONS

For the above reasons, IT IS RECOMMENDED that Plaintiff's motions for injunctive relief be denied. (ECF Nos. 1, 16, 19, 23, 24).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d

834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2026**                    /s/ *Erica P. Grosjean*
                                               UNITED STATES MAGISTRATE JUDGE