UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN OSCAR AUSTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN,<br><br>    Defendant. | Case No. 1:25-cv-00903-KES-EPG (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO REVISE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT (1) THIS ACTION BE DISMISSED AND (2) PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE BE DENIED<br><br>(ECF No. 27).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Steven Oscar Austin is a state prisoner and proceeds *pro se* and *in forma pauperis* in this case. (ECF Nos. 1, 17). As amended, Plaintiff's complaint alleges that Defendants have denied him due process, prevented him from accessing the courts, and unlawfully detained him. (ECF No. 27). Within the first amended complaint, Plaintiff asks the Court to take judicial notice of various state court proceedings. (*See id.* at 8).

The Court screened Plaintiff's initial complaint on March 16, 2026, concluding that he failed to state any cognizable claims. (ECF No. 25). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 14).

On April 21, 2026, Plaintiff filed his amended complaint, which is now before the Court on screening. (ECF No. 27). For the reasons given below, the Court will recommend that this

1

case be dismissed, without further leave to amend. The Court will also recommend that Plaintiff's request for judicial notice be denied.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 17), the Court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) on these same bases.

## II.     BACKGROUND

Plaintiff initiated this case July 21, 2025, by filing a letter in the Sacramento Division of this District in Case Number 2:25-cv-2054-DAD-CSK. (ECF No. 1). United States Magistrate Judge Chi Soo Kim reviewed the letter, construed portions of it as a habeas petition challenging Plaintiff's state court conviction but other portions as challenging his conditions of confinement. (ECF No. 2, pp. 1-2). Judge Kim directed the Clerk of Court to open a new prisoner civil rights action in this Division based on the conditions-of-confinement allegations, and the undersigned was assigned to the newly opened case (*Id.* at 2).

After reviewing Plaintiff's letter, the Court issued an order on January 22, 2026, noting that it was difficult to discern which defendants Plaintiff intended to sue and what legal claim(s) Plaintiff intended to bring. (ECF No. 21). While the Court permitted Plaintiff to file an amended complaint, he did not timely do so, and the Court screened the allegations in his letter on March 16, 2026, construing the letter as his initial complaint. (ECF No. 25).

This initial complaint contained a host of allegations, including Plaintiff's alleged detention under the wrong name, interference with his paperwork, plots to harm him, and denial of medical care. (*Id.* at 4–5). Ultimately, the Court concluded that the complaint violated the requirement for "a short and plain statement of the claim" under Rule 8(a)(2). Citing the Ninth Circuit's recent decision in *Gibson v. City of Portland*, 165 F.4th 1265 (9th Cir. 2026),

the Court advised Plaintiff that his complaint was a so-called "shotgun pleading" and thus subject to dismissal because, for among other reasons, Plaintiff failed to identify what any Defendant did to violate his rights. (*Id.* at 7-8).

However, the Court granted Plaintiff leave to amend and provided potentially relevant legal standards to review if he chose to file an amended complaint. (*Id.* at 9-11).

### III.   SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Plaintiff used the Court's standard form to file an amended complaint on April 21, 2026. (ECF No. 27). On the first page,[2] he lists six Defendants: (1) "California Department of Corrections"; (2) "Modesto Police Department (Evidence)"; (3) "Unknown (Bivens)"; (4) "Austin, Steven Oscar Blackwell"; (5) "Unknown Defendants" and (6) "Kenean Charles Sharpe, Jr."[3] (*Id.* at 1).

Plaintiff lists three claims. His first claim alleges that his due process rights were violated. While Plaintiff's allegations are difficult to understand, he generally alleges that "different versions of names and numbers assigned" to him have been used by unspecified persons "to unlawfully detain him under known false pretenses." (*Id.* at 3). Further, "false claims unknown to Plaintiff are being used to subject" him, among other things, to harassment, isolation, and deprivation of property. (*Id.*). Plaintiff's property, including his social security number, were "illegally seized in 2013 and the facts have been conceded in violation of [the] Takings Clause." (*Id.* at 4). He also complains of a "data breach" and claims to be the "victim of identity theft." (*Id.*). Plaintiff does not identify any Defendant that is responsible for the allegations in his first claim, instead stating that the "[i]ndividuals are unknown to [him]." (*Id.*).

Plaintiff's second claim alleges that he has been denied his right to access the courts.

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] In the section of the complaint form used to list defendants, Plaintiff only lists three: (1) California Department of Corrections; (2) Modesto Police Department; and (3) Unknown Defendants. (ECF No. 27, p. 3). The Court will construe the amended complaint to sue the six Defendants listed on the first page.

[3] The Court will direct the Clerk of Court to revise the docket to reflect the Defendants listed in the amended complaint.

Plaintiff has been denied law library access at his prison "and informed the only law library access is through legal mail process." (*Id.* at 5). However, unidentified persons have tampered with his mail. He appears to indicate that he was unable to file documents in this case and in state court. Further, he alleges that he has been denied access to his central file. Generally, he indicates that he needs information about his file because he is being improperly detained under different names and prisoner numbers.

Plaintiff's third claim alleges that he "is being held in custody based on fraud, and others, such as ex co-defendant Kenean Sharp, Jr., using his name." (*Id.* at 6). Additionally, "[i]ndividuals not known" to him, but who are claiming Plaintiff's identity, are causing him harm. (*Id.*). Plaintiff states that he "has informed necessary authorities." (*Id.*).

As for relief, Plaintiff cites a host of Federal and state authority in requesting, among other things, return of his property, monetary damages, and "suppression of evidence" in his state court case. (*Id.* at 7).

Lastly, Plaintiff includes three additional sections in the body of his complaint. The first is titled "Judicial Notice" and details Plaintiff's state court criminal proceedings, with Plaintiff appearing to allege that he has been improperly detained under an incorrect name. (*Id.* at 8). It is not clear what facts Plaintiff is asking the Court to judicially notice.

The second section is titled "In Forma Pauperis" and generally recites allegations about things that happened while Plaintiff was incarcerated that make him believe that his identity was stolen and that he is being improperly detained under a false name. (*Id.* at 12). To the extent that this section pertains to Plaintiff's *in forma pauperis* status, the Court advises Plaintiff that it granted him permission to proceed *in forma pauperis* on November 18, 2025. (ECF No. 17).

The third section is titled "Sequence of Events" and recounts some of the events in this case and his habeas case in the Sacramento Division and alleges that he is the victim of identity theft. (*Id.* at 16). Among other things, "Plaintiff ask[s] for an identity verification to be able to bring case in his own name and further identify [the] thief and receive release and all relief requested to better litigate this case." (*Id.* at 17).

## IV.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Section 1983

The Civil Rights Act, under which this action was presumably filed, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City*

*of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.  Requirement of a Short and Plain Statement

As set forth above, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  *Id.* at 676-77. Importantly, the Ninth Circuit has recently observed that so-called "shotgun pleadings" violate Rule 8, of which there are four main types:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Gibson*, 165 F.4th at 1288. "[T]he problem with shotgun pleadings is that they make it difficult, if not impossible, for the opposing party to formulate a response." *Id.* And the Ninth Circuit has made "clear that district courts do not have to accept such shotgun pleadings." *Id.* at 1289.

Plaintiff's amended complaint fails to comply with Rule 8 because the complaint does not contain a short and plain statement of his claims showing that he is entitled to relief. Instead, like his initial complaint, his amended complaint is an impermissible "shotgun pleading."

First, Plaintiff's complaint "is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1288. Among other things, Plaintiff includes a section titled "Sequence of Events," which recounts part of the procedural history of this case and his habeas action pending in the Sacramento Division. (ECF No. 27, p. 16). Factual assertions in this section include the following, "Magistrate Judge Chi Soo Kim ordered the Plaintiff/Petitioner to exhaust remedies," which is not connected to any of his legal claims in this case. (*Id.*). As another example, Plaintiff's narrative of events in the "In Forma Pauperis" section of the complaint about his identity being stolen and him being improperly detained under a false name are unrelated to legal claims. (*Id.* at 12-15).

Next, Plaintiff's first amended complaint "fails to separate into a different count each cause of action or claim for relief." *Gibson*, 165 F.4th at 1288. For example, Plaintiff's first claim alleges due process violations, denial of access to the Courts, and violations of the Takings Clause. (ECF No. 27, pp. 3-4). Moreover, while Plaintiff's second claim is purportedly based on his denial of the right to access the courts, he also alleges that he "has been trafficked" and not released from custody and that his funds for an attorney "have been illegally confiscated or otherwise provided to another individual." (ECF No. 27, p. 5).

Lastly, the amended complaint "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Gibson*, 165 F.4th at 1288. As noted above, Plaintiff names six Defendants. However, he does not specify what each Defendant did to violate his rights; rather, he relies on vague statements such as the following: "Plaintiff's property is being denied to him without due process by assistance of State Officials and/or agencies acting under color of law or authority to deprive Plaintiff and participate in conspiracy and capitalize on Plaintiff's identity crisis and denial of access to courts." (ECF No. 27, p. 3). Moreover, he elsewhere states that the persons who violated his rights are "[i]ndividuals" who "are "unknown to Plaintiff." (*Id.* at 4).

For the above reasons, Plaintiff's amended complaint, like his initial complaint, is subject to dismissal for failure to state a claim and failure to comply with Rule 8.

## V.    CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court has screened Plaintiff's amended complaint and concludes that he fails to state any cognizable claims. Based on the reasons given above, the Court will recommend that this case be dismissed without granting further leave to amend. Notably, in its order screening the initial complaint, the Court identified similar deficiencies that persist in Plaintiff's amended complaint and gave him the opportunity to state a cognizable claim. The Court thus concludes that further leave to amend would be futile.

Further, as the Court is recommending dismissal of this action, it is unnecessary to address his request for judicial notice, and the Court recommends that the request be denied.

Accordingly, IT IS ORDERED that the Clerk of Court shall revise the docket as follows:

1. The Clerk of Court shall add (1) California Department of Corrections; (2) Modesto Police Department; (3) Steven Oscar Blackwell Austin; (4) Unknown Defendants; and (5) Kenean Charles Sharp, Jr. to the docket. (ECF No. 27, p. 1).

2. The Clerk of Court shall revise the existing Defendant on the docket, "Unknown," to "Unknown (Bivens)." (ECF No. 27, p. 1).

And IT IS RECOMMENDED as follows:

1. This action be dismissed without prejudice and without further leave to amend.

2. Plaintiff's request for judicial notice be denied. (ECF No. 27).

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

8

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 27, 2026**                    /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE